**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3232-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAHEEM CLAY, a/k/a
HASSAN BYNUM, BYNUM
HASSON, RAHEEM A. CLAY,
RAHEEM M. CLAY, TEREK
CLAY, HASSAN T. FITCH,
HASSAM FITCH, HASSAN
TYRICK FITCH, and
HASSAN PERRY,

     Defendant-Appellant.

_____

Submitted September 29, 2020 – Decided October 9, 2020

Before Judges Sabatino and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 07-05-1578.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the January 7, 2019 Law Division order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. On appeal, defendant raises the following single point for our consideration:

> THE [PCR] COURT ERRED WHEN IT FAILED TO CONCLUDE THAT AS A RESULT OF PLEA COUNSEL'S INCORRECT ADVICE TO DEFENDANT THAT HE WOULD RECEIVE FULL JAIL CREDIT FOR THE TIME HE SERVED IN CUSTODY PRIOR TO SENTENCING, COMBINED WITH HIS FAILURE TO EXPLAIN TO DEFENDANT THE DIFFERENCE BETWEEN JAIL CREDIT AND GAP-TIME CREDIT, DEFENDANT ENTERED AN INVOLUNTARY GUILTY PLEA, WITHOUT A FULL UNDERSTANDING OF ITS CONSEQUENCES, DEPRIVING DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

We disagree and affirm.

On May 4, 2007, defendant was charged along with two codefendants in an Essex County indictment with first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3(a) (count one); three counts of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (counts two, three, and four); two

counts of third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (counts five and eleven); two counts of second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts six and twelve); two counts of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (counts seven and eight); two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts nine and ten); second-degree conspiracy to commit aggravated arson, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:17-1(a) (count thirteen); and second-degree aggravated arson, N.J.S.A. 2C:17-1(a) (count fourteen). The charges stemmed from defendant's alleged involvement in the commission of a triple homicide in 2006 that was motivated by retaliation for a prior fight involving one of the codefendants.

Defendant was arrested and detained on the homicide charges on October 12, 2006. While the homicide charges were pending, on December 5, 2006, defendant pled guilty to unrelated drug charges, and was sentenced on February 21, 2007, to an aggregate term of four years' imprisonment, with a two-year parole disqualifier, on the drug charges as well as a resulting violation of probation. Defendant maxed out on the aggregate sentence on August 27, 2009, at which time he was transferred to the Essex County jail, where he remained continuously detained on the homicide indictment.

A-3232-18T1

On April 5, 2013, defendant entered a negotiated guilty plea to five of the fourteen charges contained in the homicide indictment. Specifically, defendant pled guilty to first-degree conspiracy to commit murder (count one), three counts of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4, as amended from murder (counts two, three, and four), and third-degree unlawful possession of a handgun (count five). In exchange, the State agreed to recommend an aggregate fourteen-year prison sentence, subject to an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also agreed to dismiss the remaining nine counts of the indictment, and to refrain from seeking an extended term sentence or prosecuting defendant for a certain persons not to possess firearms charge in connection with the homicides.

During the plea colloquy, defendant told the judge his attorney explained everything to him and answered all his questions, and he was absolutely satisfied with his attorney's services. In accordance with Rule 3:9-2, after ensuring that there was an adequate factual basis, and that the plea was made "freely and voluntarily," with a full understanding of "the nature of the charges" and the consequences of the plea, the judge accepted the plea. Thereafter, on May 17,

2013, the judge sentenced defendant in accordance with the plea agreement.[1] During the sentencing hearing, after plea counsel objected to the omission of gap-time credit in the pre-sentence report, the parties reached an agreement on the appropriate award. As a result, the judge awarded 1491 days of jail credit, and 917[2] days of gap-time credit from February 21, 2007, to August 26, 2009.

On January 16, 2014, the judge denied defendant's post-conviction motion to convert his gap-time credits to jail credits. Relying on State v. Hernandez, 208 N.J. 24, 43 (2011), the judge explained that "[j]ail credit [was] inapplicable for that time frame because [defendant was] . . . serving a sentence for an unrelated drug offense" and "[o]nce a defendant starts serving a sentence[,] jail credit stops accruing on all pending cases." On June 1, 2015, we affirmed the January 16, 2014 order on a Sentence Only Argument (SOA) calendar. See R. 2:9-11.

Subsequently, on September 6, 2017, defendant filed a timely pro se petition for PCR, alleging ineffective assistance of counsel (IAC). In a supporting certification, defendant asserted he was "misled" because his

---

[1] Count one was merged into count two.

[2] Although the oral sentence indicated an award of 917 days, the memorializing judgment of conviction (JOC) reflected 918 days of gap-time credit. On appeal, the parties do not dispute the accuracy of the JOC.

attorney "never explained [to him] that the 917 days [g]ap[-t]ime credits would be useless and thus have no effect on reducing [his] overall exposure." Instead, his attorney "advised [him] that [he] would get full credit for all the time that [he] had spent confined." Defendant asserted that "[h]ad [he] known that the [g]ap[-t]ime credits would be useless, [he] would not have accepted the plea agreement."

After defendant was assigned PCR counsel, Judge Michael L. Ravin, who was also the plea and sentencing judge, conducted oral argument and, later, an evidentiary hearing to determine what plea counsel told defendant "regarding his potential sentence if he pled guilty." At the evidentiary hearing conducted on December 7, 2018, defendant and plea counsel testified. Following the hearing, Judge Ravin entered an order on January 7, 2019, denying defendant's petition.

In an accompanying written decision, the judge reviewed the factual background and procedural history of the case, made factual findings from the testimony elicited at the evidentiary hearing, applied the applicable legal principles, and concluded defendant failed to establish a prima facie case of IAC. Specifically, the judge found defendant failed to show by a preponderance of the credible evidence that counsel's performance fell below the objective

standard of reasonableness set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 49-53 (1987), and that the outcome would have been different without the purported deficient performance as required under the second prong of the <u>Strickland</u>/<u>Fritz</u> test.  <u>See</u> <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012) ("With respect to both prongs of the <u>Strickland</u> test, a defendant asserting [IAC] on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence.").

Initially, the judge summarized defendant's testimony as follows:

> [Defendant] testified that his trial counsel told him that he would have to serve [eleven] years and [nine] months[3] if he pled guilty. . . .  [Defendant] stated that his trial counsel told him that the entire approximately [six-and-a-half] years he had spent in jail would count against his sentence. [Defendant] testified that had he known that the gap credits would not actually affect the length of his sentence, he would not have pled guilty, but instead would have haggled for a better deal of [twelve] years total subject to [NERA] instead of [fourteen] years.  On cross-examination, [defendant] stated that it was his assumption that the gap credits would reduce his actual time served.

---

3  Notably, eleven years and nine months constitutes eighty-five percent of a fourteen-year prison sentence.

Next, the judge encapsulated the testimony of plea counsel, a criminal defense attorney with twenty-two years of experience, as follows:

> [Plea counsel] testified that he did not have an independent recollection of speaking to [defendant] regarding jail credit, but that it would have been his practice to do so. [Plea counsel] testified that he would not mislead a client in order to get the client to plead guilty, and that it was his practice to give accurate information regarding jail and gap time credits.

Based on "the tone and demeanor" of the witnesses, the judge found plea counsel's testimony "credible" but "treated [defendant's] testimony with skepticism." According to the judge, although plea counsel "had very little independent recollection of th[e] case, he was forthright about that fact and did not hesitate to answer questions or admit that he did not know the answer to a question." On the other hand,

> [defendant] ha[d] the greatest interest in the outcome of the proceedings, and his statements were unclear and somewhat inconsistent regarding how he came to his understanding that gap credits would affect his actual time served and how that understanding would have affected his decision to plead guilty in return for a [fourteen] year sentence.

In rejecting defendant's contention that he was prejudiced by any purported deficiency in plea counsel's performance, the judge relied on the standard enunciated in State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009). There,

the Court held that to establish the <u>Strickland</u>/<u>Fritz</u> prejudice prong to set aside a guilty plea based on IAC, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." <u>Nuñez-Valdéz</u>, 200 N.J. at 139 (alteration in original) (quoting <u>State v. DiFrisco</u>, 137 N.J. 434, 457 (1994)).

Judge Ravin concluded that defendant "failed to show that he was prejudiced by trial counsel's failure to inform him that gap time credits would not reduce the actual time he served on his sentence" because

> [defendant] explicitly stated at the evidentiary hearing that he would have tried to bargain for a [twelve-year] sentence, which one of his co-defendants received, and not that he would have attempted to go to trial and risk a [135-year] sentence. While [defendant] did state that he would not have pled guilty had he known about the difference between jail and gap time credit, [defendant's] representation that it would have been his intention to "haggle" his plea offer down to [twelve] years provides context to this statement. There is nothing in the record to indicate that the State would have been willing to lower its already lenient offer of [fourteen] years down to [twelve], and the [c]ourt has no basis to assume it would have done so. . . . Thus, [defendant] cannot show that the outcome of his case would have been different had he been properly advised about the difference between gap and jail credits.

On appeal, defendant renews the contention rejected by Judge Ravin, arguing he received IAC because his plea counsel "neglected his obligation to

ensure that [he] entered a knowing and voluntary plea," by "fail[ing] to explain the difference between gap-time credit and jail credit."  Defendant asserts the judge's "holding that defendant failed to show he was prejudiced was contradicted by the record which revealed that as a result of plea counsel's ineffective representation defendant would have to serve three more years in prison than he was led to believe by plea counsel."

We reject defendant's arguments and affirm substantially for the reasons articulated in Judge Ravin's comprehensive and well-reasoned written opinion. We add only the following brief comments.

In order to establish the Strickland prejudice prong to set aside a guilty plea based on IAC, in addition to showing "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial[,]" DiFrisco, 137 N.J. at 457 (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)), "'a [defendant] must convince the court that a decision to reject the plea bargain'" and "insist on going to trial" would have been "'rational under the circumstances.'"  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).  The latter determination should be "based on evidence, not speculation."  Ibid.

Where, as here, the judge conducts an evidentiary hearing in adjudicating a PCR petition, we apply a deferential standard of review. State v. Pierre, 223 N.J. 560, 576 (2015). The factual findings made by a PCR court following such a hearing will be accepted if they are based on "sufficient credible evidence in the record." Ibid. (quoting State v. Nash, 212 N.J. 518, 540 (2013)). Legal conclusions are reviewed de novo. Ibid. (quoting Nash, 212 N.J. at 540-41).

Applying these standards, we are satisfied Judge Ravin's factual findings are amply supported by the record, and his legal conclusion that defendant failed to make a prima facie showing of IAC under the Strickland/Fritz test is unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3232-18T1